UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES LONG,
    Petitioner,

v.                                             Case No. 6:20-cv-1245-Orl-37GJK

UNITED STATES OF AMERICA,
    Respondent.

**UNITED STATES' MOTION TO DISMISS LONG'S
MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The United States responds to James Long's amended motion to vacate, set aside, or correct his sentence. Civ. Doc. 9.[1] Long's motion is untimely and should be dismissed.

**I.    STATEMENT OF THE CASE AND FACTS**

From 2010 to 2013, Long conspired with others to distribute and dispense controlled substances outside the usual course of professional practice and for no legitimate medical purpose, in exchange for monetary gain, primarily cash. Doc. 3 at 21. Long, as president and owner of a health clinic, employed approximately 10 physicians who engaged in a repeated pattern of issuing prescriptions for controlled substances without a legitimate medical reason and outside the usual course of professional practice.

---

[1] References to filings in criminal case number 6:16-cr-180-Orl-37GJK are cited as "Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

Presentence Investigation Report ("PSR") ¶ 10. Long and his co-conspirators conducted financial transactions with the criminal proceeds to conceal the source of the funds. *Id.* ¶ 36. These transactions involved the structuring of cash deposits and the purchase of real estate and other assets. *Id.*

Long waived indictment and pleaded guilty with a plea agreement to a one-count information charging him with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). Docs. 1–3, 26. He was sentenced to 180 months' imprisonment in February 2017. Docs. 65, 66. Long did not appeal his conviction. On May 20, 2019, Long filed a motion seeking that the United States be compelled to filed a Rule 35 motion "recognizing Mr. Long's substantial assistance to the government." Doc. 92. This motion was denied on July 8, 2019. Doc. 95.

On July 7, 2020, *i.e.* more than three years after Long's conviction became final, Long filed his section 2255 motion alleging both pre-plea and post-plea ineffective assistance of counsel. *See generally* Civ. Doc. 1. Long filed an amended section 2255 motion on October 6, 2020. *See* Civ. Docs. 7, 8, 9. In its order granting Long leave to file the amended motion, the Court stated that it was "making no determination at this time regarding the timeliness of the Amended Motion." Civ. Doc. 8 at 1 n.1.

## II. MEMORANDUM OF LAW

Long's motion is not timely and should be dismissed. Section 2255 allows a prisoner one year to file a motion seeking relief from his conviction and sentence. The one-year period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The one-year limitation applies to all claims under section 2255, including claims cast in jurisdictional terms. *See Williams v. United States*, 383 F. App'x 927, 929–30 (11th Cir. 2010); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008).

Long's judgment of conviction became final on February 16, 2017, when the time for filing a direct appeal had passed. Doc. 66; *see Adams v. United States,* 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (if defendant does not pursue direct appeal, conviction becomes final when time for filing direct appeal expires). Long had one year from that date to file a section 2255

motion. Both Long's initial section 2255 motion, dated July 7, 2020, and his pending amended motion, dated October 6, 2020, were filed more than three years after his conviction became final, making his motion untimely. Accordingly, Long's motion should be dismissed. *See Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (affirming Eleventh Circuit's decision holding that untimely section 2255 motion was barred). Contrary to Long's argument, his Rule 35 motion did not delay the start of the section 2255 limitations clock.

      **A.**    **Rule 35 proceedings do not extend the one-year time limit.**

Long asserts that his pending motion is timely, arguing that his one-year time period started on July 22, 2019, "14 days after this Court's final order regarding Rule 35 benefits" was decided. Civ. Doc. 9 at 10. This is not correct.

As an initial matter, Long's Rule 35 motion was filed in May 2019, *i.e.* more than two years after his judgment became final. *See* Docs. 65, 66, 92. By that time, the statute of limitations had already run on any section 2255 motion. Moreover, Long's Rule 35 motion was not granted and no new judgment was issued by this Court. Thus there is no new judgment to start a new statute of limitations clock.

Perhaps more significantly, even if Long's Rule 35 motion had been granted, and a new judgment had been entered, this would not have renewed his limitations period. Rule 35(b) permits a district court, upon the government's motion, to reduce a sentence to reflect a defendant's substantial

assistance rendered after the entry of judgment. Fed. R. Crim. P. 35(b); Doc. 95. In section 2255(f), Congress did not specify whether a Rule 35(b) reduction constitutes a new judgment of conviction or alters the finality of the judgment of conviction. However, "[w]henever Congress passes a new statute, it acts aware of all previous statutes on the same subject." *Erlenbaugh v. United States*, 409 U.S. 239, 244 (1972). Prior to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress, in 18 U.S.C. § 3582, specified how a Rule 35(b) reduction would impact the finality of a judgment of conviction.

Although a district court may "modify" a "sentence to imprisonment" under Rule 35(b), a "judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b), (c). The plain and obvious meaning of this language is that a Rule 35(b) reduction has no effect on the finality of the judgment of conviction. *See Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, (1999) (explaining that statutory construction begins with the language of the statute and when that language "provides a clear answer, it ends there as well"); *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (Rule 35 reduction of sentence does not affect the finality of a judgment of conviction and does not toll the one-year § 2255 time limitation).

The Senate Report accompanying section 3582 confirms that the plain meaning of the statute accords with Congress's intent. Congress explained that subsection (b) makes "clear" that though a prison sentence could be

"modified" after imposition by way of " 'three safety valves,'" including Rule 35(b), the "judgment of conviction is final." S. Rep. No. 98-225, at 96 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3304.

Finally, concluding that a Rule 35(b) modification does not reset the section 2255(f) limitations clock is consistent with Congress's overriding purpose in enacting AEDPA. Congress designed the AEDPA "'to achieve finality in criminal cases, both federal and state.'" *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) (per curiam) (quoting *Brackett v. United States*, 270 F.3d 60, 69 (1st Cir. 2001)). Accordingly, we give "strict interpretation" to the one-year statute of limitations to avoid "creat[ing] a loophole which is contrary to the legislative intent of insuring a greater degree of finality.'" *Id*. (quoting *Brackett*, 270 F.3d at 69). To hold that a district court's Rule 35(b) modification to a sentence constitutes a new final judgment would create just such a loophole. Any Rule 35(b) modification of a defendant's sentence—no matter how far into the future—would allow the defendant to bring stale claims under section 2255. Put differently, so long as any possibility exists that the defendant might learn of information that would result in a Rule 35(b) reduction, a defendant's judgment of conviction would never become final.

Accordingly, even had Long's Rule 35(b) motion been granted, this would not have extended the date for Long to timely file a section 2255 motion. *See United States v. Taylor*, 727 F. App'x 979, 981 (11th Cir. 2018) (district court's resentencing following the grant of a Rule 35(b) motion does

not reset the statute of limitations to file a section 2255 motion) (other citation omitted)). Long's section 2255 motion is untimely and should be dismissed.

### B. Long is not entitled to equitable tolling.

Section 2255(f)'s statute of limitations is subject to equitable tolling in appropriate circumstances. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 199). Long, however, fails to provide any circumstances to excuse his untimely filing.

Equitable tolling is an extraordinary remedy "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). To avoid the clear limitation that Congress has imposed, Long must show both (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631 (2010).

If a petitioner attempts to file a section 2255 motion outside the one-year statute of limitations period, a district court may still review the motion if it determines that the petitioner is entitled to equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (considering equitable tolling to excuse untimeliness of section 2254 motion).[2] Equitable tolling is a rare and extraordinary remedy. *Id.* at 1271; *Steed v. Head,* 219 F.3d 1298, 1300 (11th

---

[2] Cases which address equitable tolling of the statute of limitations under 28 U.S.C. § 2254 are "equally valid" with respect to the statute of limitations in section 2255 cases. *Jones v. United States*, 304 F.3d 1035, 1037 n. 4 (11th Cir. 2002).

Cir. 2000) (equitable tolling is an "extraordinary remedy which is typically applied sparingly"). A court's equitable powers must be exercised on a case-by-case basis. *Holland*, 130 S. Ct.at 2563. Critically here, the burden of establishing eligibility for this extraordinary remedy "falls squarely on the prisoner." *Foley v. United States*, 420 F. App'x 941, 942 (11th Cir. 2011). A petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) (citation omitted). Moreover, "the allegations supporting equitable tolling must be specific and not conclusory." *Id.* *Pro se* litigants are deemed to know of the one-year statute of limitations for filing section 2255 motions. *Outler v. United States,* 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007). Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of the AEDPA's limitation period. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[T]he Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (ignorance of the law generally does not excuse prompt filing).

Long has not alleged that there was any impediment to timely filing his § 2255 motion or that he was diligently pursing his right. Accordingly, he

cannot rely on equitable tolling to excuse his untimeliness. Therefore, this Court should dismiss Long's section 2255 motion as untimely.[3]

### C. Long is not entitled to an evidentiary hearing

Long is not entitled to an evidentiary hearing. Long has the burden of establishing the need for an evidentiary hearing, *see Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc), and he would be entitled to a hearing only if his allegations, if proved, would establish a right to collateral relief, *see Townsend v. Sain*, 372 U.S. 293, 307 (1963). This Court has the "sound discretion" as to whether to hold an evidentiary hearing on equitable tolling because a hearing is not required "on the issue of time-bar or equitable tolling." *Spears v. Warden*, 605 F. App'x 900, 905 (11th Cir. 2015) (citing *Drew v. Dept. of Corr.*, 297 F.3d 1278, 1292 (11th Cir. 2002)). No evidentiary hearing is necessary when no basis exists to suggest that that further inquiry establish equitable tolling. *San Martin*, 633 F.3d at 1271–72; *Drew*, 297 F.3d at 1292. Here, an evidentiary hearing is not required because Long has not established that such a basis exists.

---

[3] Should the motion to dismiss be denied, the United States requests an extension of time of 30 days from the date of this Court's order to respond to Long's claims. Local Rule 3.09 provides that this Court may grant a continuance for good cause.

THEREFORE, the United States respectfully requests that this Court dismiss Long's 28 U.S.C. § 2255 motion because it is untimely.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

        *By: /s/ Chauncey A. Bratt*
        CHAUNCEY A. BRATT
        Assistant United States Attorney
        USA No. 174
        400 W. Washington Street, Suite 3100
        Orlando, Florida  32801
        Telephone:   (407) 648-7500
        Facsimile:   (407) 648-7643
        E-mail:       chauncey.bratt@usdoj.gov

LONG v. USA                                Case No. 6:20-cv-1245-Orl-37GJK

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2020, I caused the foregoing to be filed with the Clerk of the Court by using the CM/ECF system, and caused a copy of the same to be mailed to the following non-CM/ECF participant:

James Long
#68216-018
COLEMAN LOW
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1031
COLEMAN, FL 33521

/s/ *Chauncey A. Bratt*
CHAUNCEY A. BRATT
Assistant United States Attorney
USA No. 174
400 W. Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:  chauncey.bratt@usdoj.gov